# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERT TORRES,**

    **Petitioner,**

v.                                                      Case No. 19-CV-458

**REED RICHARDSON,**

    **Respondent.**

---

## REPORT AND RECOMMENDATION

---

Robert Torres, who is currently incarcerated at the Stanley Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Torres is currently serving a thirty-year sentence following his conviction for possession of child pornography, second-degree sexual assault of an intoxicated victim, first-degree recklessly endangering safety, and possession of a dangerous weapon. (*Id.* at 2.) Torres has paid the statutory filing fee of $5.00; thus, I must now review his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Because I conclude that Torres is plainly not entitled to habeas relief in this court, I will recommend that his petition be denied.[1]

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the

---

[1]Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Torres' petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, the Court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, Torres alleges a single ground for relief: that the warrantless police search resulting in discovery of the evidence used to convict him violated the Fourth Amendment. (Docket # 1 at 6–7, 4–6.) Torres asserts that his motion to suppress evidence on this basis at trial was denied. (*Id.* at 4.) The Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme court denied review, with one justice dissenting. (*Id.*)

Torres' Fourth Amendment claim is not cognizable on federal habeas review. In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976). Courts have consistently held that the so-called "exclusionary rule" is not an appropriate for habeas relief because it would not significantly further the purpose of the rule, which is to deter improper police conduct. *Hampton v. Wyant*, 296 F.3d 560, 562 (7th Cir. 2002) (citing *Stone*, 428 U.S. at 493–95). "The seizure may have violated the Constitution, but the custody does not, because the exclusionary rule is a social device for deterring official wrongdoing, not a personal right of defendants." *Kaprelian v. Tegels*, No. 14-CV-618, 2017 WL 6514677, at *8 (E.D. Wis. Dec. 20, 2017).

Torres' only ground for relief is his Fourth Amendment claim, and a Fourth Amendment claim does not support a writ of habeas corpus. It thus appears that Torres is not entitled to relief in this court.

2

Case 2:19-cv-00458-JPS  Filed 04/05/19  Page 2 of 3  Document 3

**NOW, THEREFORE, IT IS RECOMMENDED** that Torres' petition for writ of habeas corpus pursuant to 18 U.S.C. § 2254 (Docket # 1) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 5th day of April, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge