# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT TORRES,<br><br>    Petitioner,<br><br>v.<br><br>REED RICHARDSON,<br><br>    Respondent. | Case No. 19-CV-458-JPS<br><br>**ORDER** |

  On March 29, 2019, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). Magistrate Judge Nancy Joseph reviewed the petition, which alleged a warrantless police search in violation of the Fourth Amendment as the only grounds for relief. Specifically, Petitioner alleged that the trial court erred in failing to apply the exclusionary rule. *Id.* at 4–6. Since Fourth Amendment exclusionary rule claims generally are not grounds for a habeas corpus petition, Magistrate Joseph recommended that the petition be denied. (Docket #3 at 2).

  Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to the magistrate's recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* The Court must review *de novo* any portion of the magistrate's recommendation to which a party properly objects, and may accept, reject, or modify any part of the recommendation. Fed. R. Civ. P. 72(b)(3). On May 1, 2019, Petitioner timely filed an objection, but the objection merely re-argues what he stated in the petition, which is that the trial court should have applied the exclusionary rule to evidence obtained in violation of his

Fourth Amendment rights because the police created the exigent circumstances. (Docket #5). The Court has considered Magistrate Joseph's recommendation and will adopt it for the reasons stated below.

Fourth Amendment exclusionary rule claims do not serve as the basis for a habeas corpus petition when there was a full and fair opportunity to litigate the issue in state court. *State v. Powell*, 428 U.S. 465, 494 (1976); *Hampton v. Wyant*, 296 F.3d 560, 562 (7th Cir. 2002). Neither the petition nor the objection suggests that the issue was not fully and fairly litigated in state court. To the contrary, the trial court considered and denied Petitioner's motion to suppress, and the Wisconsin Court of Appeals affirmed. The Wisconsin Supreme Court denied review. Petitioner's objection does not raise any new bases for the habeas petition. Therefore, the Court is constrained to adopt Magistrate Joseph's recommendation.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation (Docket #3) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's objection to Magistrate Joseph's report and recommendation (Docket #5) be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge